EDWARD MICHEL, RELATOR, v. VILLAGE OF SOUTH
ORANGE ET AL., DEFENDANTS.

Submitted November 6, 1924—Decided February 26, 1925.

**Zoning—Large Apartment-house—Permit Refused on Ground of Inadequate Fire Protection, Location so Near Street as to Constitute a Menace to Public Safety, and in Violation to Zoning Ordinance—Alternative Writ Allowed to Permit Pleadings to Property Present These Matters on Appeal.**

On rule to show cause why *mandamus* should not issue.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Howe & Davis.*

For the defendants, *Riker & Riker.*

PER CURIAM.

This matter is before the court upon a rule to show cause why an alternative or peremptory writ of *mandamus* should not issue requiring the building inspector of South Orange to issue to relator a permit to erect a three-story brick apartment-house, forty feet in heighth, for twenty-seven families, at the corner of South Orange avenue and Turrell avenue, in South Orange.

Proper application was made for such permit on July 29th, 1924. The plans and specifications comply with the building code of South Orange, and have been approved by the tenement-house commission of this state.

The permit was refused because the zoning ordinance of South Orange would require the proposed building to set back forty feet from the property line on South Orange avenue and fifteen feet from the property line on Turrell avenue, and the proposed location of the building in question did not meet this requirement. This requirement of the ordinance is sought to be justified upon the ground that South

Orange and Turrell avenues are heavily traveled highways, and the erection of the proposed structure at the property lines of the avenues would seriously affect the public safety.

Another ground of refusal is that the fire-fighting facilities of the village are not sufficient to properly cope with a fire in such a building as that proposed.

And a still further ground of refusal is that the proposed building is designed to be erected in a district restricted by the zoning ordinance against apartment-houses.

This matter is like the case of *Ingersoll* v. *South Orange,* decided by this court and reported in 2 *N. J. Mis. R.* 882, in so far as the question of fire protection is concerned, and has the added feature of the building set back requirements.

In the Ingersoll case, in allowing an alternative writ this court said: "The introduction of this provision [fire protection] presenting a situation of public necessity upon which it is argued the inherent police power of the municipality for the general welfare may be invoked, as a superadded power to the legislative zoning concession, injects into the case a new municipal feature, which up to this period has not received the consideration of the appellate court."

As has been already stated, the case now before us has the added requirements for setting back the building from the street line as a measure necessary for the safety of public travel.

For these reasons we conclude that an alternative writ of *mandamus* be allowed, for the purpose that the pleadings may be so framed as to properly present these matters upon appeal.

Let such a rule be entered.